IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DWAYNE STEVENS,**

      **Plaintiff,**

**v.**                          **CIVIL ACTION NO.: 1:14CV206**

**UNITED STATES OF AMERICA;
A.R. PURDUE, Warden; MR. WEAVER,
Health Services Admin.; DR. EDDIE
ANDERSON; and BUREAU OF PRISONS**

      **Defendants.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19]

On December 1, 2014, the pro se plaintiff, Dwayne Stevens ("Stevens"), an inmate at FCI Gilmer, filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, et seq. (Dkt. No. 1). On January 5, 2015, without moving for leave from the Court, Stevens filed an amended complaint, together with a memorandum in support. (Dkt. Nos. 12 and 13).

The Court referred this matter to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accord with LR PL P 2. On March 8, 2016, after considering both the original and amended complaints, Magistrate Judge Seibert issued his R&R, in which he concluded that Stevens had failed to state a claim upon which relief could be granted. (Dkt. No. 19). The R&R recommended that the Court dismiss Stevens's complaint with prejudice.[1] Id. at 12.

---

[1] The R&R also noted that Stevens was no longer in prison. He filed a Notice of change of Address on January 22, 2015, indicating that he was now residing at a private residence in Philadelphia, PA. See Dkt. No. 15.

**STEVENS V. USA, ET AL.**                                                      **1:14CV206**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 19]**

    The R&R also specifically warned Stevens that his failure to object to the R&R would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 13. Stevens did not file any objections.[2] Consequently, finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 19) and **ORDERS** that this case be **DISMISSED WITH PREJUDICE** and stricken from the Court's active docket.

    It is so **ORDERED.**

    Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: April 3, 2017.

                                                                         /s/ Irene M. Keeley
                                                                         IRENE M. KEELEY
                                                                         UNITED STATES DISTRICT JUDGE

---

[2] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented. See Thomas v. Arn, 474 U.S. 140, 148-53 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).